# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**SUMMIT GARDENS ASSOCIATES, et al.,**

       **Plaintiffs,**

**v.**

**CSC SERVICEWORKS, INC.,**

       **Defendant.**

Case No.:  1:17-cv-02553-DCN

---

## DEFENDANT'S MOTION TO STAY PENDING COMPLETION OF NATIONAL CLASS SETTLEMENT

Defendant CSC ServiceWorks, Inc. ("CSC") moves this Court to stay all pending motions, proceedings, and other matters in this action in light of the pending national class settlement to be presented in a similar case styled *1050 W Columbia Condominium Assoc., et al. v. CSC ServiceWorks, Inc.*, No. 2019-CH-07319 (Ill. Cir. Ct.) as set forth in the accompanying Memorandum In Support.

Date: September 24, 2019

Respectfully submitted,

/s/ Paul B. La Scala
Michael J. Zbiegien, Jr., OH Bar No. 0078352
Daniel H. Bryan, OH Bar No. 0095309
Jennifer B. Orr, OH Bar No. 0084145
Aaron M. Herzig, OH Bar No. 0079371
TAFT, STETTINIUS & HOLLISTER LLP
200 Public Square, Suite 3500
Cleveland, OH 44114
T: 216.241.2838 | F: 216.241.3707
E: mzbiegien@taftlaw.com
E: dbryan@taftlaw.com
E: jorr@taftlaw.com
E: aherzig@taftlaw.com

4850-4291-7798

Paul B. La Scala *(pro hac vice)*
SHOOK, HARDY & BACON LLP
5 Park Plaza, Suite 1600
Irvine, CA 92614
T: 949.475.1500 | F: 949.475.0016
E: plascala@shb.com

Paul A. Williams *(pro hac vice)*
SHOOK, HARDY & BACON LLP
1660 17th Street, Suite 450
Denver, CO 80202-1254
T: 303.285.5300 | F: 303.285.5301
E: pwilliams@shb.com

ATTORNEYS FOR DEFENDANT

4850-4291-7798

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **SUMMIT GARDENS ASSOCIATES, et al.,** | |
| **Plaintiffs,** | |
| v. | Case No.:  1:17-cv-02553-DCN |
| **CSC SERVICEWORKS, INC.,** | |
| **Defendant.** | |

**DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION TO STAY
PENDING COMPLETION OF NATIONAL CLASS SETTLEMENT**

Defendant CSC ServiceWorks, Inc. ("CSC") submits this Memorandum in Support of its Motion to Stay Pending Completion of National Class Settlement.  CSC respectfully requests that this Court stay all proceedings and deadlines in this action pending preliminary, then final, approval of a proposed national class settlement reached by several similarly-situated plaintiffs and CSC which will be presented for approval in a putative national class action styled *1050 W Columbia Condominium Assoc., et al. v. CSC ServiceWorks, Inc.*, No. 2019-CH-07319 (Ill. Cir. Ct.) (the proposed "National Class Settlement").  The National Class Settlement proposes a settlement class that will include among its members Summit Gardens Associates and Sunnyslope Investments No. 1 Ltd., the named Plaintiffs in this case, and all of the allegedly similarly-situated individuals that were assessed an administrative fee by CSC in conjunction with the operation of laundry facilities at their properties—the same putative class members that Plaintiffs seek to represent in this action.  Upon final approval of the National Class Settlement, the claims of all putative class members asserted in this action will be released.

3

A stay pending approval of the National Class Settlement will not prejudice Plaintiffs.  On the other hand, CSC will be unfairly prejudiced if required to proceed with this matter while the settlement of class claims—entirely encompassing the claims here—is pending approval in another court.  Moreover, absent a stay, the parties here would likely spend substantial resources on discovery, continued motion practice, and other factors associated with ongoing litigation.  This Court would also likely expend significant time and resources adjudicating motions and overseeing ongoing discovery and corresponding hearings.  In the interests of judicial efficiency and preservation of resources of the parties and the Court, this Court should stay all proceedings and deadlines in this action pending approval of the National Class Settlement by the Illinois court.

## BACKGROUND

Plaintiffs originally filed this case in Ohio state court on November 3, 2017, seeking to represent similarly situated persons or entities who were assessed the administrative fee.  CSC removed this case to this Court on December 7, 2017.  *See* Notice of Removal (Dkt. No. 1).  The claims Plaintiffs assert in this case are completely encompassed by the claims asserted in the *1050 W Columbia* case.

On July 10, 2019, the parties to the National Class Settlement participated in a mediation before the former Chief Judge for the Northern District of Illinois, The Honorable James R. Holderman (ret.), now of JAMS (Chicago).  As a result of that mediation, the parties reached a national, class wide settlement in principle.  The National Class Settlement proposes a settlement class consisting of all individuals and entities who were assessed an administrative fee by CSC (the "Settlement Class").  The Settlement Class includes Plaintiffs here, as well as the members of the putative class Plaintiffs seek to represent.

The proposed settlement requires CSC to make available $30 million – nearly 50% of the total administrative fee collected from class members – for those electing to receive reimbursement.  CSC is

4

also obligated to forgive $45.5 million in debt owed to it by class members whose contracts require them to pay CSC a minimum payment based on their machines' gross incomes and waive another $150 million in unreimbursed expenses class members allegedly owe CSC.  On top of all of this relief, the percentage in administrative fees that CSC will be allowed to collect going forward will be capped for the next decade for all class members, even for those who do not elect to receive a direct distribution of the $30 million.

As shown below, a stay of this matter pending approval of the National Class Settlement will ensure that this Court does not waste resources on claims that will be released upon approval of the National Class Settlement.

## ARGUMENT

### I.     THIS COURT HAS AUTHORITY TO STAY THIS CASE.

"The power to stay proceedings is incidental to the power inherent in every court to control the disposition of causes on its docket with economy of time and effort for itself, for counsel, and for litigations." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).  A stay of proceedings is appropriate when it will promote judicial economy and prevent potentially inconsistent resolutions of issues.  *See Clinton v. Jones*, 520 U.S. 681, 706 (1997).  Indeed, precedent from Ohio federal courts exists to stay a case under very similar circumstances.  "A stay may be an appropriate order when a nationwide settlement looms, especially when the litigation would be simplified greatly by the resolution of that settlement." *Kallay v. Tween Brands, Inc.*, No. 2:15-cv-2238, 2015 WL 13186225, at *1 (S.D. Ohio Oct. 29, 2015) (granting defendant's request for stay pending preliminary approval of nationwide settlement of similar claims in another jurisdiction).  And, in *Bose v. Citibank N.A.*, the defendant moved for a stay in light of a tentative nationwide class settlement reached in another case, in which the plaintiff in *Bose* would be a putative class member.  No. 1:13-cv-580, 2014 WL 12571408, at *1 (S.D. Ohio Mar. 5, 2014).

5

Plaintiff expressed her opposition to the tentative nationwide class settlement and intention to opt out of the class, but the court concluded that Plaintiff's disagreement with the settlement did not warrant denial of a stay. *Id.* at *1-2. The court granted the requested stay "to conserve judicial resources" and "to serve the interests of comity." *Id.* at *2.

Other courts have frequently stayed cases under similar circumstances. *See Campbell v. Citibank, N.A.*, No. 3:13-cv-02675, 2014 WL 3198195 (N.D. Ohio July 8, 2014) (granting stay under nearly identical circumstances to *Bose v. Citibank, N.A.*); *Siler v. Wal-Mart Stores, Inc.*, No. 3:03-cv-00031, 2005 WL 8161782, at *1 (S.D. Ohio Sept. 30, 2005) (granting defendant's request for a stay where a ruling in a similar class action in Ohio state court, recognizing that the state court "may soon issue an order on the precise issue that is presently before this Court" and finding that "[c]omity and respect for State court proceedings caution against proceeding at this time."). Further, Ohio courts routinely grant motions to stay in the interests of judicial economy. *See Griffin v. Portaro Grp., Inc.*, No. 1:18-cv-2786, 2019 WL 1577929, at *2 (N.D. Ohio Apr. 12, 2019) ("judicial economy will be served by granting the stay."); *State v. U.S. Envtl. Prot. Agency*, No. 2:15-cv-2467, 2015 WL 5117699 (S.D. Ohio Sept. 1, 2015) (granting defendants' motion for stay because "the requested stay will serve judicial economy and the public interest."); *Glazer v. Whirlpool Corp.*, No. 1:08-cv-1624, 2008 WL 4534133 (N.D. Ohio Oct. 6, 2008) (granting stay). This Court should likewise exercise its authority to grant a stay in the interests of judicial economy.

## II.     A STAY OF PROCEEDINGS IN THIS CASE IS APPROPRIATE.

Here, a stay is appropriate in light of the National Class Settlement because such a stay would avoid potentially inconsistent resolutions of issues involving the same claims of the same putative class members and promote judicial economy.

4850-4291-7798

### a. The Requested Stay Will Not Prejudice Plaintiffs.

Plaintiffs will not suffer any prejudice if this Court grants the requested stay.  If the National Class Settlement is approved, Plaintiffs and all other persons or entities they seek to represent would be included in the Settlement Class.  Plaintiffs (as well as all other settlement class members) would have the opportunity to object to, or opt out of, the National Class Settlement.  In the event the National Class Settlement is not approved, this action would remain pending and proceedings could resume from their present stage.

"Undue prejudice means improper or unfair treatment short of irreparable harm."  No. 2:12-cv-604, 2014 WL 12656500, at *2 (S.D. Ohio Apr. 16, 2014).  Delay alone is insufficient to warrant denial of a motion to stay.  *See Griffin*, 2019 WL 1577929, at *2 (finding plaintiffs would suffer no prejudice where "the stay will last no longer than a few months"); *see also Nutech Ventures v. Norman Noble, Inc.*, No. 1:12-cv-2326, 2013 WL 8703825, at *2 (N.D. Ohio May 30, 2013) (finding, on motion to stay pending conclusion of a patent reexamination, that "[t]hose distinct prejudices inherent in any stay do not militate against a stay" and that delay alone was not sufficient to deny a stay).  Moreover, Plaintiffs here, as well as the putative class members they seek to represent, will also have their interests protected by the court in the National Class Settlement.  *See Campbell*, 2014 WL 3198195, at *2 (concluding plaintiffs failed to show prejudice would result from a stay where court overseeing settlement class case would "be able to quickly take appropriate steps to protect the rights and interests of the class members.").

Far from prejudice, Plaintiffs would at most experience a minor delay in awaiting approval of the National Class Settlement.  That potential minor delay is outweighed by the benefits to be obtained by the settlement.  Plaintiffs can show no harm resulting from the requested stay.

### b.  Defendants Will Be Unfairly Prejudiced in the Absence of a Stay.

While Plaintiffs will suffer no prejudice if this Court grants the requested stay, CSC will experience undue hardship if this Court denies the stay.  Already, since Plaintiffs here were notified of the proposed National Class Settlement, CSC has had to respond to two motions already, participate in two court appearances so far, and still has to respond to an additional motion filed by Plaintiffs and participate in an additional hearing on that motion in the coming weeks.  Additionally, in the absence of a stay here, CSC will need to conduct additional discovery, including discovery related to specific class issues presented by Plaintiffs in this case, take depositions and present witnesses for deposition, and continue collection, analysis and production of leases and documents.  CSC also anticipates Plaintiffs would move for class certification in this case, requiring additional briefing and incurring unnecessary litigation expenses.  Further, CSC would anticipate filing a motion for summary judgment and related briefing addressing individual grounds for disposition of Plaintiffs' claims.  Thus, a stay is in the best interests of all parties, to preserve the parties' resources.  No justification exists for the continuation of proceedings in this case when Plaintiffs' claims are encompassed in the National Class Settlement.

### c.  A Stay Promotes Judicial Economy.

A stay also conserves the resources of this Court.  Just as CSC would be forced to continue the pending motion practice and engage in additional discovery if a stay is not entered in this case, this Court will have to hear and rule on the pending motions (and any others that may be filed) and would likely be required to oversee the discovery and other litigation issues that arise.  Assuming Plaintiffs move for class certification as anticipated, this Court would need to adjudicate the class certification motions and hearing as well as the anticipated motions for summary judgment on individual issues. Granting the requested stay would avoid wasting judicial resources on a case whose claims are wholly

encompassed by and would be released by the National Class Settlement.  Of course, the absence of a stay here also risks this Court rendering a decision inconsistent with the resolution of claims by the court in the *1050 W. Columbia* case.  A stay would ensure the parties do not encounter conflicting decisions on the same claims.

## CONCLUSION

For the foregoing reasons, the Court should grant CSC's Motion to Stay Pending Completion of the National Class Settlement.

Date: September 24, 2019

Respectfully submitted,

/s/ Paul B. La Scala
Michael J. Zbiegien, Jr., OH Bar No. 0078352
Daniel H. Bryan, OH Bar No. 0095309
Jennifer B. Orr, OH Bar No. 0084145
Aaron M. Herzig, OH Bar No. 0079371
TAFT, STETTINIUS & HOLLISTER LLP
200 Public Square, Suite 3500
Cleveland, OH 44114
T: 216.241.2838 | F: 216.241.3707
E: mzbiegien@taftlaw.com
E: dbryan@taftlaw.com
E: jorr@taftlaw.com
E: aherzig@taftlaw.com

Paul B. La Scala *(pro hac vice)*
SHOOK, HARDY & BACON LLP
5 Park Plaza, Suite 1600
Irvine, CA 92614
T: 949.475.1500 | F: 949.475.0016
E: plascala@shb.com

Paul A. Williams *(pro hac vice)*
SHOOK, HARDY & BACON LLP
1660 17th Street, Suite 450
Denver, CO 80202-1254
T: 303.285.5300 | F: 303.285.5301
E: pwilliams@shb.com
ATTORNEYS FOR DEFENDANT

## **CERTIFICATE OF SERVICE**

    I hereby certify that on this 24th day of September 2019, the foregoing filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                        /s/ Paul B. La Scala
                                        ATTORNEY FOR DEFENDANT

4850-4291-7798